UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | CIV. 06-4016 |
| Plaintiff, | \* | |
| -vs- | \* | |
| TWO BANK ACCOUNTS DESCRIBED AS: | \* | |
| Bank Account In the amount of $197,524.99 Bank of America Seattle, Washington | \* | MEMORANDUM OPINION AND ORDER (*IN CAMERA* DOCUMENTS) |
| Bank Account In the amount of $20,523.42 Bank of America Seattle, Washington | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CIV 06-4005 |
| Plaintiff, | \* | |
| vs. | \* | |
| 11 BANK ACCOUNTS DESCRIBED AS: | \* | |
| Certificate of Deposit In the amount of $100,383.56 Minnwest Bank Luverne, Minnesota | \* | |
| Certificate of Deposit In the amount of $100,404.11 Minnwest Bank Tracy, Minnesota | \* | |
| Certificate of Deposit In the amount of $100,410.96 Minnwest Bank Montivideo, Minnesota | \* | |
| Certificate of Deposit | \* | |

| | |
|---|---|
| In the amount of $100,465.75 | * |
| Minnwest Bank | * |
| Ortonville, Minnesota | * |
| | * |
| Bank Account | * |
| In the amount of $18,015.75 | * |
| Minnwest Bank | * |
| Ortonville, Minnesota | * |
| | * |
| Bank Account | * |
| In the amount of $76,543.07 | * |
| Minnwest Bank | * |
| Ortonville, Minnesota | * |
| | * |
| | * |
| Bank Account | * |
| In the amount of $4,292.51 | * |
| Brookings Federal Bank | * |
| Brookings, South Dakota | * |
| | * |
| Certificate of Deposit | * |
| In the amount of $100,438.00 | * |
| Minnwest Bank | * |
| Redwood Falls, Minnesota | * |
| | * |
| Bank Account | * |
| In the amount of $170,122.48 | * |
| American Express | * |
| Minneapolis, Minnesota | * |
| | * |
| Bank Account | * |
| In the amount of $2,693.54 | * |
| Bank of America | * |
| Seattle, Washington | * |
| | * |
| Bank Account | * |
| In the amount of $54,529.99 | * |
| Bank of America | * |
| Seattle, Washington | * |
| | * |
| Defendants. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## BACKGROUND

In these two civil forfeiture cases, the Government alleges the funds in the subject bank accounts have been used in violation of 18 U.S.C. §§ 1343 (wire fraud) and 1956 (money laundering) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and

981(a)(1)(C). In both instances, the funds in the subject bank accounts have been seized, converted to bank checks, and turned over to the U.S. Marshal Service for the District of South Dakota pursuant to a seizure warrant which was signed on July 27, 2005 by the undersigned Magistrate Judge. The interested parties ("Claimants") in Civ. 06-4005 (Eleven Bank Accounts) are Robert Woldt (representing himself) and Timothy Jewell (represented by Mr. Finer and Mr. Talley). The interested parties ("Claimants") in Civ. No. 06-4016 (Two Bank Accounts) are Harvey Dockstader (representing himself) and Timothy Jewell (represented by Mr. Finer and Mr. Talley).

During the course of the proceedings, a discovery dispute arose between the Claimants and the Government. In both cases, the Claimants served two sets of discovery requests upon the Government. The Government responded, produced some of the requested information, and after the second discovery request, produced a "privilege log" which identified and described each document requested by Claimants that had not been produced. The parties have been unable to resolve their differences. Identical motions to compel, declarations, and briefs have been filed in both cases. The same documents are at issue in both cases. On January 5, 2007, the Court entered an Order granting in part and denying in part Claimant Jewell's motion to compel.

The Government was ordered to produce some of the subject documents for *in camera* review. The Government has now produced the documents ordered for *in camera* review pursuant to the Court's Order dated January 5, 2007. The documents reviewed consisted of Claimant Woldt's letters to FBI Agent Matt Miller and a letter to Claimant Woldt from Todd Jewell which was provided to Agent Miller with handwritten notes on it. [1]

It was impossible to determine from the information provided within the Government's privilege log whether these documents were subject to the work product privilege. In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e. because of the prospect of litigation. Pepsico v. Baird, Kurtz & Dobson, LLP, 305 F.3d 813, 817 (8th Cir. 2002). Ordinary work product includes raw factual information, while opinion work product includes mental impressions, conclusions, opinions or legal theories. Baker v. General Motors Corp., 209 F.3d 1051, 1054. (8th Cir. 2000). The work product

---

[1] The Government explained that upon further review, it appears Docs. 44, 45 and 46 are the same as Docs. 94, 95 and 96 and were mistakenly listed twice in the privilege log. Further, the date on Privilege log Doc. 68 was incorrectly listed as April 11 and should instead be April 4, 2005. The Government also explains that Doc. 88 incorrectly listed the date, which should be April 12, 2005. Finally, the Government explained it cannot locate the original document to which Doc. 90 refers, but believes Doc. 91 is the facsimile copy of the same.

privilege applies to information compiled not only by an attorney, but also by an attorney's consultant or agent, including an FBI agent. United States v. Chatham City Corp., 72 F.R.D. 640, 642 (S.D. Ga. 1976). "It is necessary that the work product doctrine, in civil as well as criminal cases, protect material prepared by agents for the attorney as well as those prepared by the attorney himself." Id. Witness statements are generally accepted as ordinary work product, and are not discoverable if the witness is available to the other party. Baker, 209 F.3d at 1054.

After reviewing Woldt's letters to Agent Miller, it is apparent they were generated by Woldt as a result of Miller's investigation, if not at Miller's request. As such, they are the equivalent of witness statements and are not discoverable by Jewell absent a showing of substantial need. Discovery of witness statements is generally not allowed if the witness is available to the other party, and a party does not demonstrate substantial need when it "merely seeks corroborative evidence." Baker, 209 F.3d at 1054. Jewell has not shown substantial need. The Court reminds the parties, however, that should Mr. Woldt request copies of his letters to Agent Miller, he is entitled to them *without* a showing of substantial need. See Fed. R. Civ. P. 26(b)(3). The Rule provides, in part, that "a party may obtain without the required showing a statement concerning the action or its subject matter previously made *by that party*."

The Todd Jewell letter to Woldt (Privilege Log Doc. 88) with handwritten notes also falls into the witness statement category. This is because the handwritten notes on the document begin with the words, "Matt, if the ....." The handwritten notes appear to have been written to Matt Miller by Robert Woldt. Again, if Mr. Woldt requests a copy of this document from the Plaintiff, he shall be provided a copy *without* a showing of substantial need pursuant to Fed. R. Civ. P. 26(b)(3).

## CONCLUSION and ORDER

After *in camera* review, the Court concludes the Woldt letters to Agent Miller (documents identified as Nos. 44,45,46 (which apparently do not exist separately from doc. Nos. 94, 95 and 96), 66, 67, 68, 70, 72, 73, and 89-96 and Doc. 88 ( the Todd Jewell letter to Woldt) were created in anticipation of litigation and are the equivalent of witness statements. They are therefore protected by the work product doctrine. They are not discoverable by Claimant Jewell because Mr. Jewell has made no showing that Mr. Woldt is unavailable to him as a witness. Should Mr. Woldt request copies of the documents, however, the Government shall provide them to him without a showing of substantial need pursuant to Fed. R. Civ. P. 26(b)(3).

Therefore it is ORDERED: Claimant Jewell's motion to compel is DENIED as to Privilege Log Docs. 44,45,46, 66,67,68,70,72, 73, 88, and 89-96. If, however, Claimant Woldt requests

copies of these documents, they shall be provided to him without a showing of substantial need pursuant to Fed. R. Civ. P. 26(b)(3).

Dated this 29th day of January, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By /s/ Shelly Margulies, Deputy