UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**MAR 26 2008**
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 06-4005-KES |
| Plaintiff, | ) | |
| vs. | ) | |
| 11 BANK ACCOUNTS DESCRIBED AS: | ) | REPORT AND RECOMMENDATION REGARDING GOVERNMENT'S MOTION TO STRIKE |
| Certificate of Deposit In the amount of $100,383.56 Minnwest Bank Luverne, Minnesota | ) | |
| Certificate of Deposit In the amount of $100,404.11 Minnwest Bank Tracy, Minnesota | ) | |
| Certificate of Deposit In the amount of $100,410.96 Minnwest Bank Montivideo, Minnesota | ) | |
| Certificate of Deposit In the amount of $100,465.75 Minnwest Bank Ortonville, Minnesota | ) | |
| Bank Account In the amount of $18,015.75 Minnwest Bank Ortonville, Minnesota | ) | |
| Bank Account In the amount of $76,543.07 Minnwest Bank Ortonville, Minnesota | ) | |

| | |
|---|---|
| Bank Account<br>In the amount of $4,292.51<br>Brookings Federal Bank<br>Brookings, South Dakota | )<br>)<br>)<br>)<br>) |
| Certificate of Deposit<br>In the amount of $100,438.00<br>Minnwest Bank<br>Redwood Falls, Minnesota | )<br>)<br>)<br>)<br>) |
| Bank Account<br>In the amount of $170,122.48<br>American Express<br>Minneapolis, Minnesota | )<br>)<br>)<br>)<br>) |
| Bank Account<br>In the amount of $2,693.54<br>Bank of America<br>Seattle, Washington | )<br>)<br>)<br>)<br>) |
| Bank Account<br>In the amount of $54,529.99<br>Bank of America<br>Seattle, Washington | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court pursuant to a verified amended complaint filed by the United States of America ("government") seeking forfeiture of the 11 bank accounts described in the above caption. Initially, Robert Woldt, a non-attorney appearing in this matter *pro se,* filed an answer to the government's complaint. However, applicable rules of which the government notified Mr. Woldt required Mr. Woldt to file an answer and also a verified claim to whichever property he was making claim within 30 days. See 18 U.S.C. § 983(a)(4)(A), and Rule C(6)(a), Supplemental Rules for Admiralty and Maritime Cases.

Due to Mr. Woldt's failure to file any verified claims at all, the government moved to strike his answer some 18 months after this litigation began. Mr. Woldt did not respond to the government's motion. Accordingly, the district court granted the motion to strike Mr. Woldt's answer on November 26, 2007, due to his failure to file any claims and his failure to respond to the government's motion. [Docket 114].

Immediately prior to the entry of the court's order striking his answer, on November 20, 2007, Mr. Woldt filed 10 documents entitled "Statement of Interest and Claim of Ownership" [Docket Nos. 103-112]. In these verified claims, Mr. Woldt asserts that he is the "senior officer and sole signatory" for four corporations: America Old-Time Corp.; Project Anothen, Inc.; Marketing International Inc.; and Transworld Refinancing Establishment. Mr. Woldt asserts claims in the names of these companies.[1]

The government now moves to strike all 10 claims filed by Mr. Woldt. Again, Mr. Woldt has not responded to the government's motion. The government argues that Mr. Woldt, as a non-lawyer, cannot represent a corporation *pro se* in litigation in federal court, even if he is the sole

---

[1] Six of the 11 bank accounts listed in the caption were held in Minnesota in the name of American Old Time, American Old Time Corp., or American Old-Time Corp. See Docket 8, Return of Service. One Minnesota account was in the name of Project Anothen and another Minnesota account was in the name of Transworld Refinancing Establishment, Inc. Id. The lone South Dakota bank account in the amount of $4,292.51 was held in the name of Marketing International. Id. The two accounts to which Mr. Woldt did not assert a claim were held in Seattle, Washington, in the name of Timothy Jewell. Id.

3

shareholder or officer, a representation not made by Mr. Woldt in his claims. The government also moves to strike Mr. Woldt's claims because they are untimely due to the fact that they should have been filed within 30 days of the date Mr. Woldt received notice of this forfeiture action on January 26, 2006, making them approximately 18 months late.

The rules governing forfeiture actions require the filing of an answer and a verified claim within 30 days of receiving notice of a forfeiture. See 18 U.S.C. § 983(a)(4)(A), and Rule C(6)(a), Supplemental Rules for Admiralty and Maritime Cases. It is not unfair to charge Mr. Woldt, a *pro se* litigant in this case, with knowledge of these rules because the written notice provided to Mr. Woldt by the government at the inception of this case told him the requirements contained in the rules. Furthermore, the government's previous motion to strike Mr. Woldt's answer, which was served on Mr. Woldt, explained these rules in great detail.

The court has discretion to grant extensions of time for filing a claim. See United States v. Ford 250 Pickup, 980 F.2d 1242, 1245 (8th Cir. 1992). See also One Urban Lot, 885 F.2d at 999-1001 (citing United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1435 (9th Cir. 1985); United States v. 1967 Mooney M20-F Aircraft, 597 F. Supp. 531, 532 (N.D. Ga. 1983); United States v. One 1979 Oldsmobile-Cutlass Supreme, 589 F. Supp. 477, 478 (N.D. Ga. 1984)); United States v. $103,387.27, 863 F.2d 555, 561 (7th Cir. 1988). However, here, Mr. Woldt has not responded to the

government's motion, he has not moved the court for an extension of time, and he has not given any reason explaining why his claims were filed in such an untimely manner.

Absent some argument or facts offered up by Mr. Woldt, based on the law and the pleadings on file with the court, it appears that the government's motion should be granted.

## CONCLUSION

Based on the foregoing, the court recommends that the government's motion to strike Mr. Woldt's claims [Docket No. 131], should be granted. The claims filed by Mr. Woldt docketed at no. 103 through 112, inclusive, are recommended striken.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the district court. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated March 26, 2008

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE