UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 06-4005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING |
| 11 BANK ACCOUNTS | ) | REPORT AND |
| DESCRIBED AS: | ) | RECOMMENDATION |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,383.56 | ) | |
| Minnwest Bank | ) | |
| Luverne, Minnesota | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,404.11 | ) | |
| Minnwest Bank | ) | |
| Tracy, Minnesota | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,410.96 | ) | |
| Minnwest Bank | ) | |
| Montivideo, Minnesota | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,465.75 | ) | |
| Minnwest Bank | ) | |
| Ortonville, Minnesota | ) | |
| | ) | |
| Bank Account | ) | |
| In the amount of $18,015.75 | ) | |
| Minnwest Bank | ) | |
| Ortonville, Minnesota | ) | |
| | ) | |
| Bank Account | ) | |
| In the amount of $76,543.07 | ) | |
| Minnwest Bank | ) | |
| Ortonville, Minnesota | ) | |

| | |
|---|---|
| Bank Account | ) |
| In the amount of $4,292.51 | ) |
| Brookings Federal Bank | ) |
| Brookings, South Dakota | ) |
| | ) |
| Certificate of Deposit | ) |
| In the amount of $100,438.00 | ) |
| Minnwest Bank | ) |
| Redwood Falls, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $170,122.48 | ) |
| American Express | ) |
| Minneapolis, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $2,693.54 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Bank Account | ) |
| In the amount of $54,529.99 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Defendants. | ) |

The government moves the court to strike ten documents filed by Robert Woldt, each entitled "Statement of Interest and Claim of Ownership." Docket 131. The court referred the motion to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Duffy recommends that this court grant the government's motion to strike.

## STANDARD OF REVIEW

The court must make a de novo review "of those portions of the [magistrate judge's] report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). When a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b). After a de novo review of Magistrate Judge Duffy's report and recommendation and a review of the record, the court adopts the report and recommendation of Magistrate Judge Duffy with the following supplementation.

## DISCUSSION

Magistrate Judge Duffy concluded that the government's motion to strike Woldt's claims should be granted because he did not respond to the government's motion to strike, did not make a motion for an extension of time, and did not give any reasons explaining why his claims were filed in such an untimely manner. Woldt objects to Magistrate Judge Duffy's Report and Recommendation, arguing that he cannot find an attorney to represent him because he has no money to pay legal fees. As a result, he asserts he has had to represent himself pro se and requests the court to appoint an attorney to represent him.

In civil forfeiture actions, the claimant must satisfy both Article III standing and statutory standing. United States v. One Lincoln Navigator, 328 F.3d 1011, 1013-14 (8th Cir. 2003). To establish statutory standing, a claimant must comply with the procedural requirements set forth in Supplemental Rule C(6)(a) and 18 U.S.C. § 983(a)(4)(A). See United States v. $31,852.38 in United States Currency, 183 Fed. Appx. 237, 240 (3d Cir. 2006). Supplemental Rule C(6) requires a claimant to file both a verified claim and an answer. United States v. United States Currency Totaling $3,817.49, 826 F.2d 785, 787 (8th Cir. 1987).

In this case, the government moved to strike the answer filed by Woldt because he failed to file a verified claim. Woldt did not respond to the government's motion. As a result, this court found that Woldt had not established statutory standing and, therefore, granted the government's motion. Docket 114. Immediately prior to the entry of the court's order, Woldt filed ten documents entitled "Statement of Interest and Claim of Ownership." Docket 103-112.

Woldt argues the documents asserting his interest should not be stricken from the record because he has been unable to secure representation by an attorney. Consequentially, he has had to represent himself pro se. But the fact that Woldt is representing himself pro se does not excuse compliance with Supplemental Rule C(6). See United States v.

Three Parcels of Real Property, 43 F.3d 388, 393 (8th Cir. 1994) (stating "[p]rocedural default is not excused merely because claimants are proceeding pro se").  Woldt was required to file an answer and a verified statement of interest within certain time restrictions.  See Supplemental Rule C(6).  The court previously struck Woldt's answer from the record.  It is also appropriate for the court to strike Woldt's statements of interest because they were filed over a year after the statutory deadline and the court had already determined that he has failed to establish statutory standing.  Accordingly, the fact that Woldt was unable to secure legal representation and had to represent himself pro se does not excuse his failure to comply with Supplemental Rule C(6) and resulting failure to establish statutory standing.

      Woldt also requests the court to appoint an attorney to represent him because he is unable to obtain and pay for legal representation.  A plaintiff in a civil case has no constitutional right to counsel.  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).  Under 28 U.S.C. § 1915(e)(1), a district court may appoint counsel to an indigent plaintiff, but the court has broad discretion in deciding whether to do so.  Id.  "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."  Kilgo v. Ricks, 983 F.2d

189, 193 (11th Cir. 1993). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). Because Woldt has failed to establish statutory standing, his claims have no merit. Thus, the court finds that Woldt is not entitled to appointed legal representation in this case.

Based on the foregoing, it is hereby

ORDERED that the court adopts Magistrate Judge Duffy's report and recommendation regarding the government's motion to strike (Docket 152) and, therefore, grants the government's motion to strike Woldt's claims (Docket 131).

IT IS FURTHER ORDERED that the claims filed by Woldt (Dockets 103-112) shall be stricken from the record.

IT IS FURTHER ORDERED that the motions filed by Woldt (Dockets 167, 172, and 173) are denied as moot.

Dated May 14, 2008.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE