UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 06-4005 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| 11 BANK ACCOUNTS DESCRIBED AS: | ) ) ) ) | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Certificate of Deposit In the amount of $100,383.56 Minnwest Bank Luverne, Minnesota | ) ) ) ) ) | |
| Certificate of Deposit In the amount of $100,404.11 Minnwest Bank Tracy, Minnesota | ) ) ) ) ) | |
| Certificate of Deposit In the amount of $100,410.96 Minnwest Bank Montivideo, Minnesota | ) ) ) ) ) | |
| Certificate of Deposit In the amount of $100,465.75 Minnwest Bank Ortonville, Minnesota | ) ) ) ) ) | |
| Bank Account In the amount of $18,015.75 Minnwest Bank Ortonville, Minnesota | ) ) ) ) ) | |
| Bank Account In the amount of $76,543.07 Minnwest Bank Ortonville, Minnesota | ) ) ) ) | |

| | |
|---|---|
| Bank Account | ) |
| In the amount of $4,292.51 | ) |
| Brookings Federal Bank | ) |
| Brookings, South Dakota | ) |
| | ) |
| Certificate of Deposit | ) |
| In the amount of $100,438.00 | ) |
| Minnwest Bank | ) |
| Redwood Falls, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $170,122.48 | ) |
| American Express | ) |
| Minneapolis, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $2,693.54 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Bank Account | ) |
| In the amount of $54,529.99 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Defendants. | ) |

The government moves the court to strike Timothy Jewell's "Verified Answer to Amended Verified Complaint" (Docket 13). The government also moves the court to strike Jewell's "Claim of Right or Title Statement of Interest" (Docket 97) as well as his "Support Statement of Interest in Claim" (Docket 116). The court referred the motion to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Duffy recommends that this court grant in part and deny in part the government's motions to strike.

## STANDARD OF REVIEW

The court must make a de novo review "of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). When a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b). After a de novo review of Magistrate Judge Duffy's report and recommendation and a review of the record, the court adopts the report and recommendation of Magistrate Judge Duffy with the following limitations and supplementation.

## DISCUSSION

Magistrate Judge Duffy concluded that Jewell should be allowed to proceed with his claims to the two Seattle bank accounts and the Transworld account, but that he had not established standing to resist forfeiture of the other eight bank accounts involved in this proceeding. Both the government and Jewell object to Magistrate Judge Duffy's report and recommendation.

3

**I.     Government Objection 1**

The government objects to the magistrate judge's recommendation not to strike Jewell's verified answer. The government argues that the Eighth Circuit requires strict compliance with the procedural rules regarding forfeiture. The government argues that as a result, Jewell was required to file a verified claim and an answer. In any event, even if the verified answer could qualify as a verified claim and an answer, Jewell's verified answer failed to specify the bank accounts in which Jewell had an interest, which is a requirement of a verified claim.

The Eighth Circuit has repeatedly held that it is not an abuse of discretion for district courts to require strict compliance with Supplemental Rule C(6), which means the claimant must file both a claim and an answer. See United States v. Ford 250 Pickup 1990, 980 F.2d 1242, 1245 (8th Cir. 1992); United States v. One Parcel of Property, 959 F.2d 101, 104 (8th Cir. 1992); and United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir. 1986). But the Eighth Circuit has determined that a claimant can avoid the strict requirements of Supplemental Rule C(6) if the claimant demonstrates excusable negligent, mitigating circumstances, or a good faith attempt to comply with the requirements. Ford 250 Pickup 1990, 980 F.2d at 1244. Further, courts in other circuits have determined that while a district court may require strict compliance with Supplemental Rule C(6),

the court may exercise its discretion by extending the time for the filing of a verified claim.  See United States v. $125,938.62, 370 F.3d 1325, 1329-30 (11th Cir. 2004); United States v. United States Currency in the Amount of $103,387.27, 863 F.2d 555, 563 (7th Cir. 1988); United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1435-36 (9th Cir. 1985); and United States v. $14,605 in United States Funds, 2007 WL 3027395, at *1 (M.D. Ga. Oct. 15, 2007).  Accordingly, the court has discretion in determining whether failure to comply with Supplemental Rule C(6) is fatal for a claimant's claim.  The court finds that under the circumstances of this case, an extension of time for the filing of a verified claim is appropriate.

## II.   Government Objection 2

The government objects to the magistrate judge's recommendation not to strike Jewell's statement of claim and support of claim.  The government argues that the documents are untimely and, thus, should be stricken.  The government also argues that its delay in publication did not prejudice Jewell and does not excuse his untimely filing of the documents because he received a notice of forfeiture by certified mail.  Finally, the government argues that Jewell did not object to the government's motion to strike the above mentioned documents.

While Supplemental Rule C(6) provides that a claimant must file a verified claim thirty days from the earlier of the date the claimant receives

5

the government's complaint or completed publication of notice, a claimant can also file a verified claim within the time the court allows. See Supplemental Rule C(6)(a)(i)(B). Accordingly, a court has discretion in appropriate circumstances to deviate from the statutory time frame in which a verified claim must be filed and may extend the deadline for the filing of a verified claim. While it is true that delay in publication did not prejudice Jewell and Jewell did not object to the government's motion to strike his claim and support of claim, these are not reasons in and of themselves to deny Jewell an extension of time to file his claim. Thus, the court finds that Jewell's claim and support of claim should not be stricken from the record.

### III. Government Objection 3

The government objects to the magistrate judge's interpretation of Jewell's statement of claim and support of claim as a request for a continuance. The government argues that Jewell did not request a continuance and that Jewell did not even object to the motion to strike these two documents. The government argues that in order for Jewell to avoid the strict requirements of the procedural rules in this case and file untimely documents, he must show excusable neglect or a meritorious defense and that he has failed to do so in this case. More specifically, the government argues that Jewell did not raise a meritorious defense in response to the government's motion and that the reasons set forth by

Jewell and his former attorney, Jeffry Finer, do not constitute excusable negligent. The government argues that as a consequence, Jewell is not entitled to an extension of the forfeiture deadlines.

The interpretation of Jewell's statement of claim and support of claim as a request for a continuance is consistent with the general rules of the construction of court pleadings. Federal Rule of Civil Procedure 8(e) state that "[p]leadings must be construed so as to do justice." In fact, one of the most important objectives of the federal rules is that lawsuits should be determined on their merits and according to the dictates of justice, rather than in terms of whether the averments in the paper pleadings have been artfully drawn. See generally Maty v. Grasselli Chem. Co., 58 S. Ct. 507, 509, 303 U.S. 197, 200, 82 L. Ed. 745 (1938). Accordingly, the court finds that in this case, Jewell's filing of statement of claim and support of claim as a pro se litigant after the government filed its motion to strike is properly construed as a request for a continuance to file a verified claim.

## IV.    Government Objection 4

The government objects to the magistrate judge's consideration of mitigating circumstances when determining whether to grant Jewell an extension of time to file his verified claim. The government first argues that it was Jewell's burden to argue any mitigating factors he deemed appropriate and that he failed to do so. The government also argues that its

untimely publication should not affect the procedural requirements that Jewell failed to satisfy because Jewell received personal notice of the forfeiture action. The government further argues that it is not obligated to inform Jewell's attorney of potential procedural insufficiencies and, as such, it was not required to immediately respond after it received a fax from one of Jewell's attorneys. The government emphasizes that the two Seattle bank accounts in Jewell's name are only worth about $54,000. Finally, the government argues that Jewell did not make a good faith effort to comply with the procedural requirements because Jewell's verified answer did not contain all the requisite information and the administrative claims did not serve as notice of the filing of a judicial forfeiture claim.

     Several courts have considered numerous mitigating factors when deciding whether to grant a claimant's request to extend the filing deadlines. Such factors include whether the claimant advised the government of his interest in the defendant property before the claim deadline, the monetary value of the property being seized, whether the government will be prejudiced by allowing an extension for filing, and whether granting an extension would undermine the goals of the time restriction and verification requirements for claims. See United States v. $125,938.62, 370 F.3d 1325, 1329-30 (11th Cir. 2004); United States v. $103,387.27, 863 F.2d 555, 561 (7th Cir. 1988); and United States v. One 1979 Mercedes 450 SE, 651 F.

Supp. 351, 353 (S.D. Fla. 1987). See also Jimmy Gurule, Sandra Guerra Thompson, Michael O'Hear, The Law of Asset Forfeiture, § 3-1(g), at 84 (2d ed. 2004).

Here, at the very least, the government was aware that Jewell was claiming an interest in the two Seattle bank accounts before the claim deadline. Jewell filed a verified answer in this action and even though the answer did not specify what bank accounts he was claiming an interest in, it was obvious that Jewell would be claiming an interest in the bank accounts held in his own name. See Docket 8 (stating that three Seattle bank accounts were in the name of Timothy Jewell). As for the Transworld bank account, although the government became aware of his interest in this particular bank account after the filing deadlines under Supplemental Rule C(6), as noted above, the court finds that an extension of those deadlines was appropriate in this case. As such, the government was timely notified of Jewell's interest in the Transworld account given the extension of deadlines. Further, Jewell's claim of an interest in over $200,000 of assets that the government seeks to forfeit is substantial.

Also, there is no indication in the record that the government will be prejudiced by allowing Jewell an extension of time to file his claims. Although the government may have to spend more money and time on this case because default judgement will not be granted, this alone is not a

reason to find that Jewell should be denied an extension of time to file his claims.  Finally, granting Jewell an extension of time to file his claims does not undermine the goals of the procedural requirements.  The purpose of Supplemental Rule C(6) is to make the court aware of the fact that there is a claimant to the property who wants it back and intends to defend it.  United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir. 1994).  In this case, Jewell has made the court aware of the fact that he claims an interest in the two Seattle bank accounts and the Transworld account and, therefore, the purpose of the procedural requirements have been fulfilled.

## V.     Government Objection 5

The government objects to the magistrate judge's conclusion because the documents filed by Jewell fail to meet the requirements of a claim.  The government argues that the documents filed by Jewell are not verified and do not provide a description of his interest in the property.  The government argues that as a result Jewell had failed to establish statutory standing.

The purpose behind the claim verification requirement of Supplemental Rule C(6) is to weed out false or frivolous claims.  $103,387.27, 863 F.2d at 559.  See also Baker v. United States, 722 F.2d 517, 519 (9th Cir. 1983) and United States v. Fourteen Handguns, 524 F. Supp. 395, 397 (S.D. Tex. 1981).  This purpose is fulfilled in this case because the government knew that Jewell's claim of interest in the two

Seattle bank accounts was not fraudulent because these accounts were held in his own name. In regards to the Transworld account, Jewell filed a statement supporting his interest, which set forth detailed facts supporting his ownership interest. Although the purpose behind the claim verification requirement seems to have been fulfilled, Jewell is still required to file a proper verified claim in relation to the two Seattle bank accounts and the Transworld account.

**VI.   Other Government Objections**

The government also disagrees with the conclusions that Supplemental Rule G is not applicable, that the "may" language in 28 U.S.C. § 983(a)(4) does not require the filing of a claim, and that an administrative forfeiture claim can be equated with providing the United States notice as to a judicial forfeiture.

    **A.   Applicability of Rule G**

Magistrate Judge Duffy stated that Supplemental Rule C(6) had been amended and largely supplanted by a new rule, Supplemental Rule G; however, Supplemental Rule G did not become effective until December 1, 2006, which is after the relevant time frame when Jewell filed his verified answer. As a result, Magistrate Judge Duffy determined that the version of Supplemental Rule C that was in effect at the time Jewell filed his verified answer, not Supplemental Rule G, was applicable in this case.

The government agrees that the changes to Supplemental Rule C(6) went into effect December 1, 2006; however, it emphasizes that the United States Supreme Court, in approving the amendments stated that amendments shall govern pending proceedings "insofar as just and practicable." The government asserts that application of Supplemental Rule G to the filing deadlines in this case "would not be just or practicable." Government Objections, Docket 169, at 3 n.1. But the government argues that Supplemental Rule G clarifies that standing is a question for the court and that it should govern motion practice after December 1, 2006, because "[t]here is no indication it would not be 'just or practical' to follow [Supplemental] Rule G." Id. at 3 n.2.

The essence of the government's argument is that Supplemental Rule G applies and, therefore, standing is a question for the court. Despite concluding that Supplemental Rule C applies to this case, Magistrate Judge Duffy found that the question as to whether the procedural requirements had been satisfied, thereby conferring statutory standing on an individual, is a question for the court. Because the court will determine statutory standing in this case based upon compliance with the statutory requirements, the court finds it unnecessary to resolve which rule governs the issue of standing at this point in time.

### B. Interpretation of 18 U.S.C. § 983(a)(4)(A)

Magistrate Judge Duffy recommends that a reasonable interpretation of 18 U.S.C. § 983(a)(4)(A) might be that filing an "answer" is mandatory in order to contest forfeiture, while the filing of a "claim " is not mandatory in order to contest forfeiture. While the government does not agree with this interpretation of the statute, it also recognizes that the court "may not necessarily need to resolve this issue." Docket 169. The court agrees with the government and determines that it need not decide this issue in this case at this point in time. Accordingly, the court declines to adopt the portion of the report and recommendation that stands for this proposition.

### C. Administrative Forfeiture Claim

Although Magistrate Judge Duffy mentioned that Jewell provided government counsel with the administrative claims he filed with the FBI, she never stated that the administrative forfeiture claims satisfied the verified claim requirement of Supplemental Rule C(6). While administrative forfeiture claims cannot be equated with providing the government notice as to a judicial forfeiture, under the facts of this case, it is proper to consider Jewell's efforts in complying with government requests and what knowledge the government learned from such requests when determining whether Jewell is entitled to an extension of the deadlines.

**VII. Jewell's Objections**

Jewell objects to the section of the magistrate judge's decision that recommends that he be denied standing with regard to the other eight accounts, arguing that he relied on his attorney to properly represent him and that his attorney erred in failing to initially file a claim on the eight accounts. Jewell asserts that when he filed his claim pro se, he was unaware that he could file a claim to these eight accounts because the money in those accounts was derivative of profits gained from the companies he sold to Harvey Dockstader in December 2004. Jewell also notes that Dockstader was and is in default of the contract by which he purchased these companies and that any asset owned by Dockstader can be used as repayment of the debt owed. Jewell requests thirty days to file an amended claim for these eight accounts, which would set forth the factual basis for his interest in these accounts. Thus, Jewell is requesting an extension of time to file his verified claim.

As noted above, courts have considered a variety of factors when deciding whether to grant a claimant's request to extend the filing deadlines. Such factors include the monetary value of the property being seized, whether the government will be prejudiced by allowing an extension of time for filing and whether granting an extension would undermine the goals of the time restriction and verification requirements for claims. See United

States v. $125,938.62, 370 F.3d at 1329-30 (11th Cir. 2004) and United States v. $103,387.27, 863 F.2d at 561 (7th Cir. 1988).

Here, the government will be prejudiced by allowing an extension of time for filing. The discovery deadline is only sixty days from today. The government only learned on November 19, 2007, that Jewell was asserting a vague claim of right or title to the other eight bank accounts. (Docket 97). The government would not have sufficient time to conduct adequate discovery regarding Jewell's interest in these eight accounts. Furthermore, the claim filed by Jewell to these eight accounts is neither verified nor does it identify his interest in the accounts as is required by Rules C(1) and C(6)(a) of the Supplemental Rules for Admiralty & Maritime Cases. Additionally, granting an extension would undermine the goals of the time restriction requirement for claims. The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay. See United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir. 1994). In this case, Jewell still has not provided the court with any facts in support of his ownership of any of these eight accounts or a verified claim filed under the pains and penalties of perjury. Rather, Jewell only asks for an extension in time to file his claim and he only asked for the extension after the magistrate judge proposed an

15

adverse court ruling against him.  Thus, Jewell has not fulfilled the purpose of the procedural requirements with respect to the other eight bank accounts.  As a result, he lacks standing to resist forfeiture of these eight accounts.

With regard to the two Seattle bank accounts and the Transworld account, Jewell shall be granted until **June 4, 2008**, to file a verified claim that fully complies with Supplemental Rule C(6).  The verified claim should include language such as, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."  See 28 U.S.C. § 1746.  Based on the foregoing, it is hereby

ORDERED that the court adopts Magistrate Judge Duffy's Report and Recommendation (Docket 150) with the above limitations and supplementation.  Therefore, the government's motion to strike the answer of Jewell (Docket 88) and its motion to strike the claims of Jewell (Docket 126) are granted in part and denied in part.

Dated May 15, 2008.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE